UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Columbia Gas Transmission, LLC,   Case No. 3:24-cv-468

       Plaintiff,

v.   ORDER

Lonnie L. Butler, et al.,

       Defendants.

On March 12, 2024, Plaintiff Columbia Gas Transmission, LLC filed this action, asserting this court had original diversity jurisdiction over this matter. (Doc. No. 1 at 2). Plaintiff does not allege it is invoking this court's federal question jurisdiction.

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). To satisfy the diversity jurisdiction requirements, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). "[A] limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Accordingly, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.*

In this case, Plaintiff has recognized, "For purposes of diversity jurisdiction, a limited liability company is assigned the citizenship of its members." (Doc. No. 1 at 1-2). But Plaintiff has not

stated sufficient jurisdictional allegations for me to determine the citizenship of each of its members. While Plaintiff alleges its "sole member is Columbia Pipelines Operating Company, LLC, a Delaware limited liability company with its principal place of business in Houston, Texas," it fails to state the members of Columbia Pipelines Operating Company, LLC.  (*Id.*).  Therefore, I cannot determine Plaintiff's citizenship and cannot verify complete diversity exists.

To maintain this case as a diversity action in federal court, Plaintiff must supplement the Complaint by filing an affidavit of jurisdiction as soon as practicable but no later than April 15, 2024.  In the affidavit, Plaintiff must identify each of their members and sub-members.  This "must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).  For each member and sub-member, Plaintiff must state jurisdictional allegations sufficient for me to determine the citizenship of that member (e.g., the domicile of individuals, the place of incorporation and principal place of business of corporations).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge